UNITED STATES of America

v.

Richard D. BARNETT (001)
Virgil R. Drake (002).

Criminal Action No. 6:97–60033.

United States District Court,
W.D. Louisiana,
Lafayette–Opelousas Division.

Sept. 17, 1997.

Terry Hart, Akin, Gump, Hauer & Feld, Dallas, TX, Kraig T. Strenge, Lafayette, LA, for Richard D. Barnett.

C. Michael Hill, Laborde & Neuner, Lafayette, LA, Patrick J. Hanna, Rabalais Hanna & Hays, Lafayette, LA, for Virgil R. Drake.

Howard Parker, U.S. Attorney's Office, Lafayette, LA, for U.S.

## MEMORANDUM RULING AND ORDER

MELANÇON, District Judge.

Before the Court are two Motions For Stay And Revocation Of Magistrate's Order

Of Release filed by the government on August 28, 1997 (appealing the Order of Release of defendant Virgil R. Drake) and September 17, 1997 (appealing the Order of Release of defendant Richard D. Barnett).

### Procedural History

Defendant Virgil R. Drake was arrested on August 5, 1997 pursuant to a criminal complaint. A detention hearing before Magistrate Judge Pamela A. Tynes was held on August 12, 1997. Noting "that there is no apparent or detected motive apparent from the face of the record at this point," Magistrate Judge Tynes ordered the pretrial detention of defendant Drake. *Tr. 8/12/97 hearing, p. 16.* Magistrate Judge Tynes noted "[i]f further evidence should come out that is new that hasn't been brought to my attention, ... the defendant can file a Motion for Reconsideration of this bail determination." *Id.* at 17–18. On August 15, 1997, the grand jury returned a two count indictment charging Drake and Barnett with conspiracy to commit murder for hire in violation of Title 18, United States Code, Section 371 and with murder for hire in violation of Title 18, United States Code, Section 1958. On August 22, 1997, Magistrate Judge Mildred E. Methvin determined that Drake was entitled to a new bail determination because the indictment represented a new charging document. Drake's second detention hearing was held before Magistrate Judge Methvin on August 27, 1997. Magistrate Judge Methvin concluded that there were conditions of release which would reasonably assure the appearance of Drake and the safety of other persons and the community and ordered Drake released on a $500,000 Appearance and Compliance Bond. A stay order was entered to allow the government an opportunity to appeal the Order of Release to this Court.

Defendant Richard D. Barnett was arrested in Houston on August 5, 1997 on a criminal complaint. He waived a detention hearing in Texas and was transported to the Western District of Louisiana for further proceedings. On August 6, 1997, Magistrate Judge Tynes scheduled a bail hearing and a preliminary examination for August 18, 1997. Prior to that date, the indictment was returned and on August 15, 1997, Magistrate Judge Methvin scheduled an initial appearance, arraignment and bail hearing for August 21, 1997. At Barnett's August 21, 1997 appearance, the government moved for pretrial detention and Magistrate Judge Methvin conducted detention hearings over the course of three days: August 21, August 27, and September 2, 1997. At the conclusion of the third detention hearing, Magistrate Judge Methvin took the bail determination under advisement. On September 16, 1997, Magistrate Judge Methvin ordered Barnett released on a $500,000 Appearance and Compliance Bond. A stay order was entered to allow the government to an opportunity to appeal the Order of Release to this Court.

### Standard of Review

 A United States District Judge may review any decision regarding pretrial detention made by a Magistrate Judge *de novo. U.S. v. Fortna,* 769 F.2d 243, 249 (5th Cir.1985). When undertaking such a *de novo* review, the District Court may make an independent determination of whether pretrial detention is appropriate and of any conditions of release. *Id.* at 249–50.

### The Bail Reform Act

The Bail Reform Act of 1984 establishes the legal framework which the Court must apply in making pretrial detention determinations. See 18 U.S.C. §§ 1341 *et seq..* The Act states that "[t]he judicial officer *shall* order the pretrial release of the person on personal recognizance or upon execution of an unsecured appearance bond ... *unless* the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b) (emphasis added). If release on personal recognizance or an unsecured appearance bond will not reasonably assure the appearance of the defendant or will endanger the safety of another person, the Court is to consider a number of conditions that may be attached to a release order. 18 U.S.C. § 3142(c). The Bail Reform Act permits a Judge to order pretrial detention *only* if the Court "finds that no

condition or combination of conditions will [first] reasonably assure the appearance of the person ... [or, second] the safety of any other person and the community." 18 U.S.C. § 3142(e).

■ The Bail Reform Act creates a rebuttable presumption in favor of detention in limited circumstances: (1) where the defendant has previously been convicted of certain crimes or (2) where there is probable cause to believe that the defendant has committed various crimes associated with the distribution of drugs or international terrorism. 18 U.S.C. § 3142(e). The government concedes that neither of the circumstances that give rise to a presumption of pretrial detention are present in this case. *See R. 65, pp. 4–5.*

■ In a hearing before Magistrate Judge Mildred E. Methvin, one of the witnesses testifying for the government's position that detention was proper in a case such as this suggested that "Congress may have let this slip by. Maybe [a murder for hire charge] should have been included in the presumption." *Tr. 8/27/97 hearing, p. 81.* It may well be that the lack of a presumption favoring detention in a case such as this is the result of Congressional oversight. However, it is not the role of a United States District Judge to read a presumption into a statute where Congress has failed to provide one.

■ Because none of the statutory presumptions in favor of detention apply to this case, it is the government's burden to demonstrate that pretrial detention is required under the Bail Reform Act. *U.S. v. Salerno,* 481 .U.S. 739, 741, 107 S.Ct. 2095, 2098, 95 L.Ed.2d 697 (1987); *Fortna,* 769 F.2d at 250. The government may do this in one of two ways. First, it can show by a *preponderance of the evidence* that the defendant poses a serious flight risk. 18 U.S.C. § 3142(e); *Fortna,* 769 F.2d at 250. Second, the government may demonstrate *by clear and convincing evidence* that no condition or combination of conditions will reasonably assure the safety of any other person in the community. 18 U.S.C. § 3142(e), (f).

In determining whether a defendant poses a serious flight risk or represents a danger to the community, the Bail Reform Act lists four factors that a Court must consider. 18 U.S.C. § 3142(g). First, the Court shall consider "the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug." *Id.* Second, "the weight of the evidence against the person" must be assessed. *Id.* Third, the Court must weigh "the history and characteristics of the person." *Id.* Finally, the Court must consider "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *Id.*

### Application of the Bail Reform Act

Before the Court applies the Bail Reform Act to the facts of this case, the Court acknowledges the time and effort expended in this matter by Magistrate Judge Methvin. The record of this proceeding and Judge Methvin's well written opinion indicate that she has devoted an inordinate amount of time to this case.

The Court also notes that the posture of the pretrial detention issue for defendant Virgil R. Drake was significantly different when presented to Magistrate Judge Tynes than when presented to Magistrate Judge Methvin. In particular, Magistrate Judge Tynes did not have the benefit of the government's surveillance tapes or the testimony of several witnesses who testified before Magistrate Judge Methvin. *See R. 59, pp. 24–26.* Given these circumstances, it is not unexpected that Magistrate Judge Tynes and Magistrate Judge Methvin reached different conclusions under the Bail Reform Act regarding the pretrial release of Drake.

### A. Virgil R. Drake

■ The Court now turns to the application of the Bail Reform Act as it relates to Virgil R. Drake. After a *de novo* review of the entire record of this proceeding, including the transcripts of the hearings before Magistrate Judge Tynes and Magistrate Judge Methvin, the pleadings and memoranda submitted by the government and the defendant, and after listening to the government's surveillance tapes, and after interrogating Drake at the hearing conducted this

date, the Court makes the following findings of fact and conclusions of law:

(1) The government has failed to show by a preponderance of the evidence that there exists no condition or combination of conditions that will reasonably assure the appearance of Drake. 18 U.S.C. § 3142(e); *Fortna*, 769 F.2d at 250.

(2) The government has failed to show by clear and convincing evidence that there exists no condition or combination of conditions that will reasonably assure the safety of any other person and the community and in particular the persons of Ernest Parker and Logan Nichols, as well as the confidential informant and the other witnesses in this case. 18 U.S.C. § 3142(e), (f).

(3) The combination of conditions imposed by Magistrate Judge Methvin on the $500,000 Appearance and Compliance Bond which she set for the release of Drake with the additional conditions that this Court will impose will reasonably assure the appearance of Drake and the safety of Ernest Parker and Logan Nichols, as well as the confidential informant and the other witnesses in this case.

In addition to the conditions imposed by Magistrate Judge Methvin to the release of Drake, the Court will require additional security from Drake's family members on the $500,000 bond previously set by Judge Methvin. The matter is referred to Judge Methvin to determine which additional family assets are available to be pledged as security, to prepare the bond, and to report to the Court as soon as is practical. Defendant Drake is not to be released from custody until the Court approves the bond prepared by Magistrate Judge Methvin and all conditions imposed by Magistrate Judge Methvin have been met and certified as such to the Court by Magistrate Judge Methvin.

### B. *Richard D. Barnett*

■ With regard to defendant Richard R. Barnett, after a *de novo* review of the entire record of this proceeding, including the transcripts of the hearings before Magistrate Judge Methvin, the pleadings and memoranda submitted by the government and the defendant, and after listening to the government's surveillance tapes, and considering the argument of defendant's counsel at today's hearing, the Court makes the following findings of fact and conclusions of law:

(1) The government has established by a preponderance of the evidence that there exists no condition or combination of conditions that will reasonably assure the appearance of Barnett. 18 U.S.C. § 3142(e); *Fortna*, 769 F.2d at 250. The Court's finding that Barnett is a flight risk is based upon his tenuous ties to the Lafayette community. *Tr. 8/27/97 hearing, pp. 19–27.* Barnett relocated to Houston four years ago and currently spends approximately 15% of his time in Lafayette. *Id.* at 20. All of Barnett's bank accounts are maintained in Houston and he works predominately outside of the United States. *Id.* at 13. Barnett and his wife, who lives in Lafayette, have been separated for at least a year and the house in which Mrs. Barnett resides is rental property not owned by the Barnetts. *Id.* at 19–21, 24–25. Finally, Barnett recently spent six weeks in Belize. *Id.* at 27.

(2) Because the government has established by preponderance of the evidence that there exists no condition or combination of conditions that will reasonably assure the appearance of Barnett, the Court need not decide whether the government has proved by clear and convincing evidence that there exists no condition or combination of conditions that can be imposed to assure the safety of any other person or the community. *Fortna*, 769 F.2d at 249.

### *Conclusion*

This case has been particularly difficult for the Court. However, it is the duty of federal judges to apply the laws of the United States as they are written by the Congress. Under the Bail Reform Act of 1984, the Court is not permitted to utilize a presumption in favor of pretrial detention when presented with a defendant who stands accused of murder for hire. Without such a presumption, there is no basis under the Act for the detention of Virgil R. Drake. There is, however, a basis under the Act to detain Richard D. Barnett.